**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| ALICE J. POLLARD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:15CV100 |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | MEMORANDUM AND ORDER |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Alice Pollard claims in this Social Security appeal that the Commissioner's decision to deny her disability insurance benefits and supplemental security income under the Social Security Act (the "Act") is contrary to law and not supported by substantial evidence. For the reasons explained below, the Commissioner's decision will be affirmed.

## PROCEDURAL BACKGROUND

Plaintiff applied for benefits in June 2010, alleging that she became disabled on December 24, 2007, due to arthritis, a heart condition, glaucoma and a broken foot. (Tr. 136-37, 316, 321, 359.) Plaintiff subsequently reported that fibromyalgia was the primary impairment preventing her from working and amended her disability onset date to October 25, 2010, which is the date her fibromyalgia was formally diagnosed. (Tr. 95-96.) Plaintiff's applications were denied initially and on reconsideration.

Plaintiff appealed the denial to an administrative law judge ("ALJ"). After an administrative hearing, the ALJ issued an unfavorable decision on January 20, 2012. (Tr. 51-88, 145-54.)

Plaintiff requested review of the ALJ's decision by the Appeals Council of the Social Security Administration ("Appeals Council"). The Appeals Council granted Plaintiff's request for review and remanded the matter back to another ALJ for further consideration of

Plaintiff's fibromyalgia and resulting limitations in light of new evidence submitted following the ALJ's decision. (Tr. 161-63.)

A second hearing took place before a different ALJ on July 15, 2013. Plaintiff, as well as vocational expert Theresa Wolford and medical expert Dr. Anne Winkler ("Dr. Winkler"), testified at the hearing. The ALJ issued a new unfavorable decision on August 6, 2013. (Tr. 34, 43, 89-135.)

In her decision, the ALJ evaluated Plaintiff's claim using the "five-step" sequential analysis prescribed by the Social Security Regulations.[1] *See* 20 C.F.R. §§ 404.1520 and 416.920. In doing so, the ALJ found that Plaintiff has the severe impairments of fibromyalgia, left knee joint effusion, chronic obstructive pulmonary disease ("COPD") and status post right foot fixation. (Tr. 36.) The ALJ formulated Plaintiff's residual functional

---

[1] The Social Security Administration uses a five-step process to determine whether a claimant is disabled.

> At the first step, the claimant must establish that he has not engaged in substantial gainful activity. The second step requires that the claimant prove he has a severe impairment that significantly limits his physical or mental ability to perform basic work activities. If, at the third step, the claimant shows that his impairment meets or equals a presumptively disabling impairment listed in the regulations, the analysis stops and the claimant is automatically found disabled and is entitled to benefits. If the claimant cannot carry this burden, however, step four requires that the claimant prove he lacks the RFC to perform his past relevant work. Finally, if the claimant establishes that he cannot perform his past relevant work, the burden shifts to the Commissioner at the fifth step to prove that there are other jobs in the national economy that the claimant can perform.

*Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006).

capacity ("RFC")² as follows:

> [C]laimant has the residual functional capacity to occasionally lift and carry up to 20 pounds and 10 pounds frequently. After 2 hours, the claimant would need to shift and adjust positions. The claimant can occasionally bend, stoop, crouch, kneel and crawl. The claimant needs to avoid exposure to fumes, cold, wet, humidity, heights and hazards.

(Tr. 37.)

The ALJ determined at step four of the sequential analysis that, given Plaintiff's RFC, she was able to perform her past relevant work as a telemarketer and cashier/checker. (Tr. 41-42.) The ALJ further stated that although Plaintiff is capable of performing past relevant work, there are also other jobs in the national economy that she is able to perform. (Tr. 41.) Therefore, the ALJ concluded that Plaintiff was not entitled to benefits.

On October 1, 2013, Plaintiff requested review by the Appeals Council. (Tr. 29-30.) Eight months later, on June 12, 2014, Plaintiff submitted additional evidence to the Appeals Council. The new evidence consisted of clinic notes from Alegent Creighton Family Medicine for the period of June 27, 2013 to August 2, 2013, medical records from Dr. Kenik for the period of October 4, 2013 to January 10, 2014, and a Fibromyalgia Diagnosis Verification and Medical Source Statement ("Medical Source Statement") completed by Dr. Kenik dated December 4, 2013. (Tr. 460.) The Appeals Council denied Plaintiff's request for review on January 22, 2015. (Tr. 1-5.) In reaching its decision, the Appeals Council did not consider the new medical records from Dr. Kenik, including the Medical Source Statement. The Appeals Council found that this evidence did not relate to the relevant time period.

Accordingly, the ALJ's decision stands as the final decision of the Commissioner of

---

² RFC, or "residual functional capacity," is what the claimant is able to do despite limitations caused by all of the claimant's impairments. *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000).
.

Social Security.

Plaintiff makes several arguments on appeal. First, she contends that the Appeals Council's review of the evidence submitted after the second administrative hearing was incomplete. In particular, Plaintiff complains that the Appeals Council did not properly consider Dr. Kenik's Medical Source Statement. Second, Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ improperly discounted the opinions of Plaintiff's treating doctors. Third, Plaintiff maintains that because the ALJ incorrectly assessed Plaintiff's RFC, the hypothetical posed to the vocational expert was flawed and does not constitute reliable, substantial evidence. The Court will consider each of these arguments below.

## ANALYSIS

A denial of benefits by the Commissioner is reviewed to determine whether the denial is supported by substantial evidence on the record as a whole. *Hogan v. Apfel*, 239 F.3d 958, 960 (8th Cir. 2001). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* at 960-61 (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). Evidence that both supports and detracts from the Commissioner's decision must be considered, but the decision may not be reversed merely because substantial evidence exists for a contrary outcome. *See Moad v. Massanari*, 260 F.3d 887, 890 (8th Cir. 2001).

### 1.  Additional Evidence Offered to the Appeals Council

Following the second administrative hearing, Plaintiff submitted new evidence to the Appeals Council, including a Medical Source Statement completed by Plaintiff's treating rheumatologist, Dr. Kenik. The Appeals Council did not list the Medical Source Statement as an exhibit, but instead dismissed it as new information about a later time. (Tr. 2.) The Appeals Council noted that the Medical Source Statement did not affect the decision about whether Plaintiff was disabled beginning on or before August 6, 2013. Plaintiff claims that this evidence should have been considered and given great weight because it reflects a historical overview of Plaintiff's condition and "relates back" to the relevant time period.

4

Plaintiff maintains that taking into account this new information, the ALJ's decision is not supported by substantial evidence.

The Appeals Council must consider "new and material evidence" that "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. §§ 404.970(b), 416.1470(b). In order to be considered "new," evidence must be more than merely cumulative of other evidence. *Lamp v. Astrue*, 531 F.3d 629, 632 (8th Cir. 2008). Evidence is "material" if it is relevant to the claimant's condition for the time period for which benefits were denied. *Id*. Also, to be considered material, there must be a "reasonable likelihood that consideration of the evidence would have changed the Commissioner's determination." *Moore v. Colvin*, 2013 WL 5466910, *20 (D. Neb. Sept. 30, 2013).

The Commissioner asserts that there is no indication that Dr. Kenik intended to address Plaintiff's condition and limitations at any time prior to December 4, 2013, when he completed the Medical Source Statement. (Tr. 11-15.) The Court agrees. The Medical Source Statement consists of a completed fill-in the blank form. (Tr. 10-15.) The form did not instruct Dr. Kenik to address Plaintiff's condition at any time before the day it was completed. Also, the language on the form is in the present tense, which indicates that Dr. Kenik was being asked to provide information about Plaintiff's current condition. In addition, the form did not include a section for Dr. Kenik to discuss the history of Plaintiff's condition or to include remarks about whether Plaintiff's condition had changed over time. Because the Medical Source Statement did not address the relevant time period, the Appeals Council was correct in not admitting it into the record. Moreover, the Court is doubtful that the ALJ's consideration of Dr. Kenik's Medical Source Statement would have changed the ALJ's decision regarding disability, especially in light of Plaintiff's assertion that the report is primarily a "historical overview" of Plaintiff's condition.

### 2. **Plaintiff's Residual Functional Capacity**

Plaintiff also claims that the ALJ improperly evaluated the medical evidence of record

5

and, in doing so, inaccurately assessed her RFC.[3]  Plaintiff argues that the ALJ erred by substituting the opinions of non-treating medical experts for those of Plaintiff's treating physicians.  "A treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Medhaug v. Astrue,* 578 F.3d 805, 815 (8th Cir. 2009) (quotation omitted).  However, a treating physician's opinion "does not automatically control in the face of other credible evidence on the record that detracts from that opinion." *Heino v. Astrue,* 578 F.3d 873, 880 (8th Cir. 2009.  "An ALJ may credit other medical evaluations over that of the treating physician when such other assessments are supported by better or more thorough medical evidence."  *Id*. (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1014 (8th Cir. 2000).  *See also Hacker v. Barnhart,* 459 F.3d 934, 937 (8th Cir. 2006) (stating that in order for a treating physician's opinion to have controlling weight, it must not be inconsistent with the other substantial evidence in the case record).

Plaintiff asserts that the ALJ erred by failing to give substantial weight to the opinion of Dr. Kenik, the rheumatologist who treated Plaintiff's fibromyalgia.  (Tr. 603-07.)  On March 9, 2012, Dr. Kenik reported that Plaintiff experienced chronic pain throughout her entire body.  (Tr. 604.)  He opined that Plaintiff would need several unscheduled breaks or rest periods during a workday, would likely miss work three or more times a month, and would need to alternate between sitting and standing throughout the workday.  (Tr. 606.)

Other examining doctors of record include Dr. Amy McGaha and Dr. Rahila Chaudry.  These physicians were residents at the Alegent Creighton Clinic and saw Plaintiff on a couple of occasions for routine follow-up.  (Tr. 39-40.)  Dr. McGaha completed an incapacity statement form for the Nebraska Department of Health and Human Services on September 19, 2012.  (Tr. 609.)  She indicated on the form that Plaintiff was unable to provide care for her children due to her fibromyalgia and other impairments.  (Tr. 609.)  Dr. Chaudry signed a form on July 2, 2013, indicating that she agreed with the limitations Dr. Kenik assessed on March 9, 2012.  (Tr. 604-06, 686.)

---

[3] Plaintiff's arguments on appeal focus solely on her fibromyalgia diagnosis and the alleged limitations caused by that condition.  Therefore, the Court will not address Plaintiff's other alleged impairments.

The ALJ discounted the opinions of Plaintiff's treating providers, relying, in part, upon the testimony of Dr. Winkler, a non-treating medical expert. Dr. Winkler reviewed Plaintiff's medical records and concluded that Plaintiff had moderate COPD and fibromyalgia. (Tr. 109.) Dr. Winkler opined that Plaintiff would be able to lift and carry 20 pounds occasionally and 10 pounds frequently; stand or walk for at least six hours in an eight hour workday; and sit without restriction as long as she could shift positions every two hours. (Tr. 111.) Dr. Winkler testified that she disagreed with the limitations assessed by Dr. Kenik because they were not supported by Dr. Kenik's progress notes or other evidence. (Tr. 112-17.) Dr. Winkler also pointed out that Plaintiff had not been compliant with treatment and did not participate in ongoing physical therapy as recommended. (Tr. 110.) Dr. Winkler further noted that Plaintiff smoked and had a history of marijuana use. (*Id*.) Dr. Winker stated that she agreed with the opinion of state agency physician, Dr. Glen Knosp, who reviewed Plaintiff's records and assessed her functional capabilities in December, 2010. (Tr. 112, 566-73.) Dr. Knosp concluded that Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently; stand and walk for about six hours in an eight-hour workday; and sit for about six hours in an eight hour workday. (Tr. 567.)

Having reviewed the matter, the Court concludes that the ALJ properly considered and weighed the medical evidence. As an initial matter, it should be noted that the ALJ did not completely disregard the treating physicians' fibromyalgia diagnosis. Rather, the ALJ concluded that the medical evidence showed that Plaintiff's alleged impairments were not as severe as claimed. Dr. Winkler pointed out that Dr. Kenik's progress notes indicate that Plaintiff had no obvious muscle weakness, no swelling, and there was not much mention of headache issues. (Tr. 112-13.) Further, Dr. Kenik's neurological examination was normal. Dr. Winkler also stated that she did not observe any documented functional capacity evaluations in Dr. Kenik's notes. (Tr. 115.) Also, the ALJ discounted the opinions of Dr. McGaha and Dr. Chaudry based, in part, upon the infrequent nature of treatment visits. (Tr. 40.) These physicians only examined Plaintiff on a couple of occasions for routine follow-up appointments. Substantial evidence supports the ALJ's refusal to give the treating physicians' opinions great weight.

Moreover, contrary to Plaintiff's assertion, the ALJ did not err in relying upon the opinions of non-examining physicians in this case. It is well-established that an ALJ may

rely on a reviewing physician's report at step four of the sequential analysis where the burden is on the claimant to establish an inability to do past relevant work. *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007). "[A]n ALJ may consider the opinion of an independent medical advisor as one factor in determining the nature and severity of a claimant's impairment." *Harris v. Barnhart*, 356 F.3d 926, 929, 931 (8th Cir. 2004). Also, there is nothing in the record which indicates that Dr. Winkler was an unqualified medical expert or was otherwise not credible.

Also, a claimant's RFC is not determined based on medical evidence alone. "The ALJ determines a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). There was substantial evidence in the record to support the ALJ's conclusion that Plaintiff was not disabled.

Plaintiff testified at the hearing that she adopted three of her grandchildren, who were at that time four, eight and eleven years old. Plaintiff also testified that she took care of her mother from 2005 until 2011, and was taking care of her son. (Tr. 98-100, 126.) Plaintiff stated that on "good days" she cooks, cleans, sweeps and does dishes. (Tr. 105.) Additionally, she testified that she walks a couple hours during the day and is able to drive. (*Id.*) As found by the ALJ, Plaintiff's activities of daily living indicated that her limitations were not as severe as she claimed. Plaintiff contends that the ALJ failed to take into consideration the amount of help she received from family and others in taking care of her mother, grandchildren, and the house. Plaintiff's argument in this regard is without merit. The ALJ mentioned the third-party statements from family members in her decision, she simply found them unreliable. (Tr. 40-41.) There is no evidence that the ALJ ignored evidence of record in reaching her decision.

### 3. Hypothetical Question to Vocational Expert

Plaintiff contends that because the hypothetical question posed to the vocational expert failed to fully describe Plaintiff's impairments, the expert's testimony on Plaintiff's ability to work does not constitute substantial evidence to support a finding of no disability.

"A hypothetical is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true by the ALJ." *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001). The hypothetical adequately reflected the impairments that were consistent with the record as a whole. Therefore, the ALJ properly relied on the vocational expert's testimony in concluding that Plaintiff was not disabled.

## CONCLUSION

For the reasons stated, and after careful consideration of each argument presented in Plaintiff's brief, I find that the Commissioner's decision is supported by substantial evidence on the record as a whole and is not contrary to law.

Accordingly,

**IT IS ORDERED** that judgment shall be entered by separate document providing that the decision of the Commissioner is affirmed.

**DATED November 3, 2015.**

        **BY THE COURT:**

        S/ F.A. Gossett
        **United States Magistrate Judge**